EDWARD H. WRAY, SHERIFF and JAILER, *v.* ROBERT M.
KELLY, SHERIFF, and JAILER.

[53 South. 492.]

1. CRIMINAL LAW AND PROCEDURE. *Custody of prisoners. Code* 1906, §
   1476, 1477. *Order of removal from one jail to another.*

   The power of the court and of the judge thereof, under Code 1906,
   §§ 1476, 1477, providing for the removal of prisoners from one jail
   to another, is not exhausted by the making of one order of removal;
   it can be exercised as often as the exigencies of the case may
   require.

2. HABEAS CORPUS. *Custody of prisoner. Right to writ. Code* 1906, §
   2445.

   Under Code 1906, § 2445, extending the right to relief by *habeas
   corpus* to all cases of illegal confinement, by which the rightful
   custody of any person is withheld from the one, entitled thereto,
   the sheriff and jailer of a county, who is entitled to the custody
   of a prisoner under an order of a court having jurisdiction of the
   offense, can maintain *habeas corpus* to recover the custody of such
   prisoner from another sheriff and jailer having no right to his
   custody.

3. STATUTORY CONSTRUCTION.

   Where a statute is susceptible of more than one meaning, words
   may be substituted, and must be interpreted with reference to the
   subject-matter of the statute, so as to effectuate the legislative
   purpose.

FROM the judgment of HON. EMMETT H. THOMAS,
Chancellor, on *habeas corpus* in vacation, heard at the
court house of Warren county.

Wray, sheriff and jailer of Bolivar county, appellant,
was plaintiff or petitioner and Kelly, sheriff and jailer of
Warren county, appellee, was defendant. From a judg-
ment in defendant's favor, plaintiff appealed to the
supreme court. The facts were, as stated by ANDERSON,
J., as follows:

"This is a *habeas corpus* proceeding by Wray, appellant, sheriff and jailer of Bolivar county, against Kelly, appellee, sheriff and jailer of Warren county, for the custody of the body of one Charlie Jones, confined in the jail of Warren county, on a charge of murder, under indictment in Bolivar county, where the case stands for trial. There was a judgment below by the chancellor, denying appellant the custody of the prisoner, from which judgment this appeal is prosecuted.

On and for some time prior to March 10, 1910, Jones was confined, without bail, in jail at Rosedale, in the first district of Bolivar county. On that day the circuit judge of the district, of which Bolivar county is a part, made an order on the sheriff and jailer of that county, directing him to remove Jones from the jail in Bolivar county to the jail in Warren county, "or to some other safe, convenient jail, the said Jones to be kept in confinement until the further order of this court," and reciting that the order was made on the ground that the judge deemed it "expedient on the grounds of public policy." Upon the making of this order, the sheriff and jailer of Bolivar county delivered the prisoner into the custody of the sheriff and jailer of Warren county, where he remained until July 13, 1910, when the presiding judge of the district of which Bolivar county is a part made a further order directing the sheriff and jailer of Bolivar county, "on the grounds of public policy," to remove the prisoner to the jail of the second district of Hinds county. Thereupon the sheriff and jailer of Bolivar county delivered to the sheriff and jailer of Warren county this order of July 13, 1910, demanding possession of the prisoner; the demand was refused by the latter, and thereupon the former instituted this *habeas corpus* proceeding to recover the custody of the prisoner, for the purpose of carrying out the order of the judge.

*James R. McDowell,* assistant attorney-general, for appellant.

The learned chancellor seems to have gone off on the idea that the removal of the prisoner from the jail in the county where the offense was committed, to another jail, is final, and that the prisoner must be kept in the latter jail until the case is called for trial in the circuit court unless removed, because of the prevalence of some contagious or infectious disease, or in case of fire, or such other like necessity; and that the sheriff was not authorized to obey the order of the court commanding him to turn the prisoner over to another sheriff. Code 1906, § 1476 *et seq.* No such narrow construction was ever intended by the legislature.

But, after the sheriff had declined to surrender the prisoner unless upon a writ of *habeas corpus,* the chancellor should have ordered the prisoner turned over to the sheriff of Bolivar county on the writ of *habeas corpus.*

Without doubt, however, a sheriff and jailer, comes under the class of persons who may institute *habeas corpus* proceedings. Under Code 1906, § 2445, he is the one from whom the rightful custody of the prisoner is withheld and who is entitled to the custody of the prisoner.

*Henry & Canizaro,* for appellee.

The order made by the circuit judge of March 10, 1910, removing Jones, the prisoner, to the jail of Warren county and into the custody of the appellee, Sheriff Kelly, was done under Code 1906, § 1476; and there is no other provision under which said order could be made.

After the prisoner, Jones, had once been taken from the custody of Sheriff Wray of Bolivar county, and delivered to Sheriff Kelly of Warren county, he (Kelly), owed a duty fixed by law, to-wit: to keep the prisoner until the

court shall sit for his trial, and then without further order have the defendant before the circuit court at its next term "when it shall sit for his trial." And unless the prisoner should ask for a writ of *habeas corpus* or Sheriff (Kelly) fail to return him as above provided "when the court shall sit for his trial," whereupon come other legal writ (mandamus) would force his delivery to the court; this being a combination of sections 1476 and 1477.

Sheriffs under the law, Code 1906, § 4668, are the custodians of all prisoners of the county, and that the judges of the courts cannot control the sheriffs in their conduct of, and care for them, unless the judges act upon some petition legally presented to them requiring their action but never of their own motion. And we insist that the court had no authority in the control of a prisoner, after he has been so delivered to the sheriff, as above provided, unless the sheriff failed "to present him in court for trial," as is required by law. The sheriff being responsible on his bond for his conduct or liable under indictment for a dereliction of duty.

Any further order made by the circuit judge other than as above suggested, such as again attempting to remove the prisoner from the custody of the sheriff into whose keeping he had been placed, is void, and so the order made by Judge Cook on July 13, 1910, is void and is not authorized by any provision of the statute.

No petition or other legal application was made to the circuit judge such as would have warranted the order of July 13, 1910. Sheriff Kelly, the present custodian, having in no way failed to comply with the law, being willing to have the prisoner present in court when said court shall sit for trial of his cause.

. The writ of *habeas corpus* is a privileged one, and is a writ of security to be appealed to when one is deprived of his liberty without due process of law. It is his writ for his relief, and may not be urged against him since

the time of Magna Charter as a matter of right, and at all times since the statute of Charles II, of England, and so it has been recognized from Blackstone to Kent, from Kent to Minor, from Minor to the Constitution of Mississippi (bill of rights) with perfect unanimity. It is a bulkwark of civil liberty, and section 2445, Code 1906, states in derogation of that fact, neither in the letter nor in the spirit of the act, and it was not expected by the law-makers of this state that that section should extend to, and be used as a cudgel of oppression, laid upon the prisoner in custody; but at all times was to be used for his benefit and security, when he uses his prerogative, and asked for its magnanimous relief. 21 Cyc. 288, and citations there under p. 323, note 5; 2 Am. & Eng. Ency. L. 15, p. 192 and 156 and notes.

Section 1477, Code 1906, does not create any new grounds for the writ of *habeas corpus,* it is merely a safeguard of the prisoner's right to the writ if he asks for its benefits; and is placed on the statute book, for the purpose of showing how zealously his right to secure his liberty is preserved, and because in view of sections 1476 and 1477 it might have been contended that the writ of *habeas corpus* could not have been appealed to by one who was never incarcerated in another county, under the provisions of section 1476 of the Code. We are warranted, therefore, we think, in upholding the chancellor in his decision, and to suggest to the assistant attorney-general that he confuses the order of Judge Cook and the *habeas corpus* writ issued by Chancellor Thomas. The order of Judge Cook, if order it was, was made on no petition legal or otherwise so far as the record shows, and without any kind of notice to Sheriff Kelly or to the prisoner, and without warrant of law and did not raise such a question as could be determined by a writ of *habeas corpus,* or that would in any way give to Sheriff Wray a better right to the prisoner than that of Sheriff Kelly, and in its broadest sense, that was the question

to be determined and decided by Chancellor Thomas at the *habeas corpus* proceedings.

ANDERSON, J., after stating the facts as above, delivered the opinion of the court.

It is contended on behalf of appellant, the sheriff and jailer of Bolivar county, that the presiding judge had the authority to make the order of July 13, 1910, for the removal by him of the prisoner to the Hinds county jail for safe keeping, and he is therefore entitled to his custody for that purpose; while the appellee, the sheriff and jailer of Warren county, contends that the judge exhausted his authority over the prisoner by the first order of removal, that the second order is void, and therefore he is entitled to the custody of the prisoner until the next term of court, when he is to be delivered up to the sheriff and jailer of Bolivar county for trial.

The question for decision involves the construction of sections 1476 and 1477, Code 1096. By section 1476 the trial judge was expressly given authority, for the safe keeping of the prisoner or "on the ground of public policy," to make the order for his removal to Warren county. It provides that, when so removed, "he is there to be kept until the court shall sit for the trial of the offender; and it shall be the duty of the sheriff of the county to which the prisoner is so removed, to receive and safely keep him, according to the order of the court or officer having jurisdiction thereof." Section 1477 provides that a person in custody on a criminal charge "shall not be removed from the place of his confinement into the custody of another officer," except for trial, *habeas corpus,* or some other legal writ, in case of "infection, or other necessity, or in accordance with express provision of law." The predominant idea of the statute is the safe keeping of the prisoner, which must be kept in mind in determining the meaning of the provision in section 1476, "there to be kept until the court shall

98 Miss.—12

sit for the trial of the offender, and it shall be the duty
of the sheriff of the county to which the prisoner is so
removed, to receive and safely keep him, according to
the order of the court or officer having jurisdiction
thereof;'' and this language must be construed in con-
nection with the provisions of section 1477, which apply
as well to a prisoner removed to the jail of another
county under section 1476, as to one in custody in the
county where he stands for trial, and recognize the
authority to remove such prisoner by *habeas corpus,* or
other legal writ, ''or in case of fire or infection or other
necessity, or in accordance with express provisions of
law.'' Where language used in a statute is capable of
more than one meaning, the purpose of the legislature,
as gathered from all of its provisions, must control, and
words may be substituted, and the policy of the legisla-
tion may be considered, in order to carry out this pur-
pose. The words must be interpreted in reference to
the subject-matter of the statute. 26 Am. & Eng. Ency.
of Law (2d Ed.), pp. 602, 603, and 604. Looking at this
statute from its four corners, the evident purpose of the
legislature was to give the trial judge authority to pro-
vide for the safety of the prisoner, by removal from the
jail of one county to another, as often as necessary to
accomplish that purpose, and wherein the language falls
short of accomplishing that end it is supplied by con-
struction. The making of one order of removal does not
exhaust the authority of the judge to provide for the
safety of the prisoner in future. It is not the limit of
his authority, for, if it were, the whole purpose of the
statute in some instances would be thwarted; for there
might be a much greater reason for a second or third
removal than for the first one. The statute does not
confer on the prisoner the right to occupy one jail in
preference to another.

It is contended, for appellee, that the writ of *habeas
corpus* does not lie in a case of this kind. Section 2445,

Code 1906, provides that the writ "shall extend to all cases of illegal confinement or detention by which any person is deprived of his liberty, or by which the rightful custody of any person is withheld from the person entitled thereto except in cases expressly excepted." The instant case comes clearly within the provisions of this statute. There is no other proceeding known to the law to which the appellant could resort to recover the custody of this prisoner from the appellee.

*Reversed, and judgment here for appellant.*